In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-1733

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GEOFFRIE ALLEN LEE DILL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:11-cr-0026—**Tanya Walton Pratt**, *Judge.*

ARGUED DECEMBER 7, 2012—DECIDED APRIL 4, 2013

Before POSNER, WOOD, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Officers found methamphetamine and a loaded .38 Cobra handgun on Geoffrie Allen Lee Dill during a routine traffic stop and he was charged with various drug and firearm offenses. Following a two-day jury trial, the jury found him guilty. Dill's sole argument on appeal is that the district court committed reversible error when it allowed an alternate juror to be present in the jury deliberation

room. Dill's attorney did not object to the alternate's presence at the time, but now argues that it affected his substantial rights at trial. Federal Rule of Criminal Procedure 24(c)(3) provides that a "court may retain alternate jurors after the jury retires to deliberate" but the court "must ensure that a retained alternate does not discuss the case with anyone." Though the parties agree that the rule prohibits alternates from deliberating with the regular jury, Dill has offered no evidence to suggest that the alternate juror participated in deliberations. Since there was no plain error here, we affirm Dill's conviction.

## I. BACKGROUND

Geoffrie Allen Lee Dill was charged with possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm by a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). The case proceeded to a jury trial, and shortly before closing arguments the district court finalized jury instructions with both parties. After closing arguments, the district court read the final written instructions to the jury and then asked counsel to approach the bench.

After observing that "[w]e did not give them instructions to tell the alternate what [she] should do," the district court asked the parties if they had any objection to leaving the alternate in the jury room with an

instruction that the alternate may not deliberate. The prosecutor stated that he did not think "it's generally done," but neither party objected. The district court explained that it would give an oral instruction that the alternate juror could not deliberate and also add it to a packet of written instructions that the jurors would take to the deliberation room.

In open court, the district court gave the following final instruction:

> Alternate juror, you are permitted to be present in the jury room during deliberation. However, you may not participate in deliberations or render a vote on the verdict unless you are called upon to replace a regular member of the panel, and any replacement will be done here in open court.

Immediately after giving this last instruction, the jury retired for deliberations and was given a written set of instructions. But the deliberation instruction covering the alternate juror's role was inadvertently omitted. The jury did not submit any notes or questions to the district court during its deliberations. A little over an hour later, the jury returned its verdict finding Dill guilty on all three counts. When the jury was polled, all twelve regular jurors confirmed the verdicts read by the foreperson, but the alternate juror was not polled and remained silent. The district court subsequently sentenced Dill to a term of 420 months, and he now appeals his conviction.

## II. ANALYSIS

The sole issue on appeal is whether Dill should get a new trial because the district court allowed the alternate juror to sit in the deliberation room. Because Dill's attorney failed to object at trial (or in post-trial motions) to the presence of the alternate in the deliberation room, we review the matter for plain error.[1] *United States v. Ottersburg*, 76 F.3d 137, 138 (7th Cir. 1996).

Our consideration of this issue is guided by the Supreme Court's analysis in *United States v. Olano*, 507 U.S. 725 (1993), where two alternate jurors were allowed in the deliberation room but instructed not to participate in the jury's discussions. In holding that the alternate jurors' presence, without actual partici-

---

[1] Dill argues that harmless error is the proper standard of review. He claims that neither he nor his attorney had a meaningful opportunity to object to the presence of the alternate juror because the district court assured counsel that the jury would be given a written limiting instruction. But we rejected such a similar argument in *United States v. Robinson*, 663 F.3d 265, 268 n.1 (7th Cir. 2011) (rejecting argument that alleged omission of written instruction should be reviewed for harmless error where no objection was made to the district court, explaining that "Rule 51(b) of the Federal Rules of Criminal Procedure contains an exception 'if a party does not have an opportunity to object to a ruling or order,' but this exception does not apply when a defendant could have objected in enough time 'to enable the district court to correct its error in a timely manner'").

pation, did not affect the substantial rights of the defendants, the Court set forth a three-part test for determining when errors may be corrected even though they were not brought to the district court's attention. On plain error review, we must determine whether: (1) there was an unwaived error; (2) the error was "plain"; and (3) the plain error affected Dill's substantial rights. *See* 507 U.S. at 732-36. If all three requirements are satisfied, we may correct the plain error, but need not exercise that authority. *Id.* Plain error should be corrected if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (citations and internal quotation marks omitted).

Rule 24(c) of the Federal Rules of Criminal Procedure provides:

> The court may retain alternate jurors after the jury retires to deliberate. The court must ensure that a retained alternate does not discuss the case with anyone until that alternate replaces a juror or is discharged. If an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew.

Fed. R. Crim. P. 24(c)(3). Dill argues, and the government agrees, that the district court's decision to allow the alternate juror into the deliberation room violated Rule 24(c). *See United States v. Li Xin Wu*, 668 F.3d 882, 887 (7th Cir. 2011). So like the Court in *Olano*, we assume without deciding that the error in the case was plain. *See Olano*, 507 U.S. at 737; *Li Xin Wu*, 668 F.3d at 887

(reaffirming that a violation of Rule 24(c) is renewed for plain error). The only remaining issue under the *Olano* framework is whether the error resulted affected Dill's substantial rights. Dill bears the burden of persuasion on this issue, *Olano*, 507 U.S. at 734, but he has not shown that his substantial rights were affected.

*Olano* explained that the alternate jurors' presence in the deliberation room, while error, did not affect the defendants' substantial rights because they "made no specific showing that the alternate jurors . . . either participated in the jury's deliberations or 'chilled' the deliberation by the regular jurors." 507 U.S. at 739. The same can be said in this case. Dill has not alleged—nor has he pointed to anything on the record indicating—that the alternate juror actually participated in the jury's deliberations in any way. In *Li Xin Wu*, we noted that a defendant "would meet the [plain error] standard if he could show that alternate jurors were in fact present with the jury when deliberations began" and that "substantive participation of alternates ha[d] taken place." 668 F.3d at 887 (internal citations and quotation marks omitted). We recognize that the alternate in this case was present during the jury's deliberations, but Dill has still failed to show how the alternate's mere presence in the room was prejudicial to his case. Moreover, the district court explicitly instructed the alternate not to participate in deliberations and so without any indication that she somehow participated either "verbally or through body language," *Olano*, 507 U.S. at 739, we have no basis to infer that her presence was prejudicial to Dill.

Dill's specific reliance on *United States v. Ottersburg* also does not help him since it is factually distinct. In *Ottersburg*, the district court permitted two alternates to deliberate with a jury for over nine hours, and we agreed that the defendant had shown prejudice. 76 F.3d at 140. But unlike here, the alternates in *Ottersburg* were ultimately polled along with the jury and acknowledged the verdict as their own, refuting any suggestion that they remained unengaged in deliberations in the jury room the entire time. *Id.* In this case, the alternate juror was not directly polled to affirm the guilty verdict as in *Ottersburg*. She also was in the deliberation room for far less time and gave no indication to the court or the parties that she ever participated in deliberations. Moreover, the alternates in *Ottersburg* were never explicitly instructed to refrain from deliberating with the regular jurors. Here, the district court verbally instructed all of the jurors, including the alternate, that the alternate could not engage in deliberations, and this instruction occurred right before the jury retired to deliberate. We generally presume that jurors and alternates follow the court's instructions, and we do not see any reason to question their adherence to the court's oral instructions in this case. *See id*. So Dill has failed to establish that the alternate juror's presence in the deliberation room affected his substantial rights and the outcome of the proceedings.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.