NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 18, 2022
Decided June 17, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2672

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:11-CR-26 |
| GEOFFRIE DILL,<br>    *Defendant-Appellant*. | Tanya Walton Pratt,<br>*Chief Judge*. |

**O R D E R**

Geoffrie Dill argues that he's entitled to a second resentencing hearing for his 2012 drug and firearm convictions. We disagree and thus affirm.

In early 2011, Dill was arrested while driving a vehicle that contained 20.88 grams of a methamphetamine mixture, 13.27 grams of pure methamphetamine, $1,608 in cash, bags consistent with drug distribution, and a notebook documenting

methamphetamine deals. A grand jury later indicted Dill on three counts: Count 1 for possession with intent to distribute five or more grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1); Count 2 for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and Count 3 for possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). A jury found Dill guilty on each count, and the district court sentenced Dill to 420 months' imprisonment: 360 months on Count 1, 180 concurrent months on Count 3, and 60 consecutive months on Count 2. We affirmed on direct appeal. See *United States v. Dill*, 712 F.3d 347 (7th Cir. 2013).

Dill timely sought collateral relief under 28 U.S.C. § 2255. In an effort to resolve Dill's petition, the parties jointly moved to lower his sentence on Count 1 from 360 to 240 months' imprisonment. Before a new judgment could be entered to that effect, the parties also moved to lower Dill's Count 3 sentence from 180 to 120 months because the Supreme Court had announced a new substantive rule applicable to his case. See *Welch v. United States*, 578 U.S. 120, 135 (2016) (holding that the rule announced in *Johnson v. United States*, 576 U.S. 591 (2015) applies retroactively). But the proposed judgment filed by the parties and entered by the district court omitted the agreed change for Count 3.

Nearly five years later, in early 2021, Dill moved for relief from the judgment based on this clerical error and requested a resentencing hearing. The district court granted his motion, scheduled a hearing for Dill to "be resentenced on Count 3," and directed that he would not be "preclude[d] … from presenting any appropriate challenge" at the hearing.

Before the hearing, Dill filed a sentencing memorandum arguing that he was not a "career offender" under the Sentencing Guidelines. In Dill's view, his two prior Indiana convictions for dealing methamphetamine could not support a career-offender enhancement because Indiana employed a categorically broader definition of methamphetamine than the federal definition. Dill reiterated this argument at the sentencing hearing and also contended that the district court should reconsider his sentence for all counts, not just Count 3.

The district court rejected Dill's career-offender argument based on our decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). Yet it agreed to reconsider Dill's sentence for all counts. After doing so, the court lowered his sentence on Count 1 by another 20 months, to 220 months' imprisonment (three and a half years below the bottom of the Guidelines' range). It also reduced Dill's concurrent Count 3 sentence from 180 to 120 months and left his consecutive sentence on Count 2 unchanged at 60

months. So Dill now has a total sentence of 280 months' imprisonment (220 months on Counts 1 and 3, and 60 consecutive months on Count 2).

In this second appeal, Dill makes two arguments. First, he invites us to overrule *Ruth.* We decline to do so. See *Wilson v. Cook Cty.*, 937 F.3d 1028, 1035 (7th Cir. 2019) (per curiam) ("We have stated repeatedly, and recently, that, absent a compelling reason, we will not overturn circuit precedent.").

Second, he contends that the district court denied him the opportunity to properly comment on matters related to an appropriate sentence as required by Federal Rule of Criminal Procedure 32. The parties agree that Dill did not raise this issue below, so we review only for plain error. See *United States v. Hidalgo-Sanchez*, 29 F.4th 915, 931 (7th Cir. 2022) (describing plain-error standard).

As relevant here, a district judge must "permit the defendant to speak or present any information to mitigate the sentence" and "allow the parties' attorneys to comment on … matters relating to an appropriate sentence[.]" Fed. R. Crim. P. 32(i)(1)(C) & (i)(4)(A)(ii). Dill contends that the district court plainly erred under Rule 32 because: (1) the parties were confused on the scope of the resentencing hearing and (2) he did not have a chance to fully explain his sentencing recommendation.

To his first point, Dill *asked* the district court to expand the scope of the resentencing hearing. Although the court agreed to his request, it had no obligation to resentence him on anything but Count 3. Dill cannot complain of any alleged confusion he created, especially when the court's flexibility led to a 20-month reduction of his sentence. Cf. *Black v. Wrigley*, 997 F.3d 702, 709 (7th Cir. 2021) (noting that a party cannot generally complain of "invited" errors). We commend the district court's patient and flexible handling of Dill's requests.

To his second contention, the court did not cut off Dill or his counsel at the resentencing hearing, and we don't see what went unexplained. After Dill's counsel argued that the career-offender enhancement should not apply (an argument also made in his sentencing memorandum), the district judge asked, "Didn't you read *Ruth*?" and added that she didn't see how to "get to" the sentence suggested by Dill based on *Ruth.* That was a (correct) rejection on the merits, not a denial of a fair opportunity to be heard.

AFFIRMED